In re Edward L. McDOUGALL and Janet L. McDougall, Debtors.

MEADVILLE PRODUCTION CREDIT ASSOCIATION, Plaintiff,

v.

Edward L. McDOUGALL and Janet L. McDougall, United States of America, Commodity Credit Corporation, Mercer County ASC Committee and Henry S. Moore, Trustee, Defendants.

Bankruptcy No. 85–00075E.
Adv. No. 85–0040E.
Motion No. 86–237E.

United States Bankruptcy Court, W.D. Pennsylvania.

May 6, 1986.

Henry S. Moore, Grove City, Pa., trustee.

Ross E. Cardas, Mercer, Pa., for Meadville Production Credit Assn.

James A. Stranahan, IV, Mercer, Pa., for Mellon Bank.

Ross S. Bash, Delmont, Pa., for Agway Petroleum Credit.

Brenda K. McBride, Grove City, Pa., for debtor.

OPINION AND ORDER

WARREN W. BENTZ, Bankruptcy Judge.

The dispute arose out of an adversary proceeding filed by Meadville Production Credit Association ("Meadville") to determine the validity of its security interest in certain proceeds.

A hearing was held on April 4, 1986 on the Trustee's Motion for authorization to settle the claim of Meadville and objections filed thereto by a general creditor, Agway Petroleum Credit ("Agway").

The facts are not in dispute. The debtors borrowed money from Meadville on May 21, 1984. Meadville had a duly perfected security interest in growing crops, including certain grain, as a result of a financing statement filed with the Prothonotary of Mercer County on May 21, 1984, and a security agreement dated May 21, 1984.

The debtors subsequently purchased cattle and fed the cattle with grain which was the subject matter of the aforesaid security interest.

Prior to the filing of the within bankruptcy petition, the Debtor sold certain of the cattle; that sale is not here in issue. After the filing of the within bankruptcy petition, the remaining cattle were sold and the Trustee holds the proceeds.

The question for this court is whether the duly perfected security interest of Meadville in the grain/crops continued into

the cattle and ultimately the proceeds of the sale of the cattle. We hold it did not.

Meadville's position is that it is protected by the Uniform Commercial Code as adopted in Pennsylvania at 13 Pa.C.S.A. § 9315 et seq. Section 9–315 provides:

(a) General rule. If a security interest in goods was perfected and subsequently the goods or a part thereof have become part of a product or mass, the security interest continues in the product or mass if:

(1) the goods are so manufactured, processed, assembled or commingled that their identity is lost in the product or mass; or

(2) a financing statement covering the original goods also covers the product into which the goods have been manufactured, processed or assembled.

The issue, with virtually identical facts, has been previously addressed by the Colorado Court of Appeals. In *First National Bank of Brush v. Boston*, 21 UCC Rep. 1475, 39 Colo.App. 107, 564 P.2d 964 (1977), an agricultural credit association held a valid perfected security interest in "all feed now owned or hereafter acquired, all crops now growing or to be grown, proceeds and products of collateral."

The Court focused its attention on the meaning of the words "product" and "mass" as those terms are used in the Colorado's identical counterpart to § 9315 of the Pennsylvania Code. The court concluded that cattle are neither a product or mass as those terms were contemplated by the drafters of the Uniform Commercial Code, that once consumed by the cattle, the feed lost its identity and ceased to exist, and that the feed is not manufactured, processed, assembled, or commingled as provided in the Code, when it is eaten by cattle. We have not been directed to any persuasive interpretation of that section which would support Meadville's position.

We concur with the Colorado Court and hold that a security interest in feed or grain does not continue into cattle which consume the feed or the proceeds of such cattle upon their sale. Accordingly, Mead-

ville must be treated as a general unsecured creditor. Meadville's requested relief is denied; the objection of Agway Petroleum Credit to the Trustee's motion to settle and compromise is sustained; and the within Adversary Proceeding is dismissed.

It is so ORDERED.